UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ronald G. Nahas, | No. 23-mc-00225-NRM |
| Petitioner, | MEMORANDUM & ORDER |
| v. | |
| United States of America | |
| Respondent. | |

NINA R. MORRISON, United States District Judge:

Petitioner Ronald Nahas, proceeding *pro se*, moves to expunge his 1988 conviction for assisting in filing an incorrect IRS tax return. Mot. to Expunge ("Pet.'s Mot."), ECF No. 1; Gov. Opp'n, ECF No. 5. Because this Court lacks jurisdiction to grant the relief that Petitioner requests, his petition is denied.

I.      Background

On July 28, 1988, Ronald Nahas ("Petitioner") pleaded guilty before the Honorable Edward Korman to one count of assisting in the filing of a false tax return in violation of 26 U.S.C. § 7206(2). Gov. Opp'n at 1; *see United States v. Nahas*, 88-cr-286, J. & Probation Commitment Order (July 28, 1988). Judge Korman suspended Petitioner's sentence. *See Nahas*, 88-cr-286, J. & Probation Commitment Order (July 28, 1988). Petitioner was placed on probation for two years, ordered to pay a $1,000 fine, and required to perform up to 250 hours of community service. *See id.*

The Court received Petitioner's motion to expunge his conviction on January 18, 2023.  *See* Pet.'s Mot. at 1.  In his motion, Petitioner explains that he brought the instant petition because he has been a law abiding and productive member of society since his conviction in 1988, over three decades ago.  Over the past thirty years, Petitioner has led a successful career, including roles as a President of a major credit union, a real estate broker, and a FEMA Disaster Reservist.  Pet.'s Mot. at 16, 36.  Petitioner has also dedicated himself to public service, serving as a volunteer firefighter for over thirty-six years.  Pet.'s Mot. at 23.  Petitioner explains that his record is preventing him from purchasing a firearm, and that after completing his sentence and remaining a law-abiding member of society for over three decades, his record should be expunged and his "firearms rights" should be restored under 18 U.S.C. § 925(c).  Pet.'s Mot. at 2.  The Government filed its opposition to the Petitioner's requested relief on March 7, 2023, and Petitioner filed a reply on April 10, 2023.  *See* Gov. Opp'n; Pl.'s Reply, ECF No. 6.

On August 16, 2023, the parties appeared before the Court for a status conference on Petitioner's motion. Petitioner proffered certain additional facts regarding the circumstances that led him to file the motion, which the Court presumes to be true for purposes of adjudicating the Government's motion to dismiss. Petitioner is now 82 years old. He states that he wants to continue his long history of volunteer work, but at his age, he can no longer fight fires. Instead of firefighting, he wants to use his pilot's license to assist the Civil Air Patrol with search-and-rescue missions. However, he was recently denied the opportunity to

serve in the Civil Air Patrol because of his 1988 conviction.  Additionally, Petitioner

currently works in a real-estate practice where he handles foreclosures and

evictions. Petitioner wants to restore his right to lawfully possess a firearm in part

so that he has the option to carry a firearm for his protection on the job; he stated

that he does not anticipate ever using a firearm in such circumstances, but that

carrying one would provide him with additional "comfort" and security in

potentially dangerous situations that can arise in his field.

## II.    Discussion

"Federal district courts lack subject matter jurisdiction to expunge lawful

convictions, except in limited circumstances provided for by statute, and cannot

exercise ancillary jurisdiction to do so." *Cicero v. United States*, No. 19-MC-1143

(MKB), 2021 WL 2075715, at *1 (E.D.N.Y. May 24, 2021) (citing *Doe v. United*

*States*, 833 F.3d 192, 196 (2d Cir. 2016); *Yearwood v. United States*, No. 18-MC-

1835 (KAM), 2022 WL 4662091, at *1 (E.D.N.Y. Sept. 30, 2022).  Following *Doe*,

courts in this circuit "have repeatedly held that they do not have subject matter

jurisdiction or ancillary jurisdiction to seal or expunge a valid conviction record

unless specifically authorized by Congress." *United States v. Hernandez*, No. 08-

CR-422-16 (LAP), 2022 WL 3369596, at *1 (S.D.N.Y. Aug. 16, 2022) (quoting

*Hurlburt v. United States*, No. 94-CR-866 (NSR), 2022 WL 2714070, at *2 (S.D.N.Y.

July 13, 2022)) (collecting cases).[1]  Here, the Court lacks jurisdiction over

Petitioner's case for two reasons.

### A.      Expungement jurisdiction

First, Petitioner does not challenge the validity of his 1988 conviction.[2]  As

the Second Circuit explained in *Doe*, district courts do not have jurisdiction to

expunge a valid conviction unless expressly authorized by Congress.  833 F.3d at

196.  Here, "because Petitioner does not challenge the validity of [his] conviction

and fails to point to any statutory exception that would confer jurisdiction, the court

lacks subject matter jurisdiction over [his] petition." *See Yearwood v. United States*,

2022 WL 4662091, at *1 (citation and internal quotation marks omitted); *Cicero*,

2021 WL 2075715, at *2 (denying motion to expunge a criminal record where

petitioner did not challenge the validity of the underlying conviction and the

conviction was from many years previously).

Second, this Court does not have ancillary jurisdiction over a motion to

expunge.  Ancillary jurisdiction "allows a district court to decide matters that are

'factually interdependent' with another matter before the court, or to take actions

---

[1] Courts use the terms "expunge" and "seal" interchangeably and "apply the same standard when deciding motions to seal or motions to expunge criminal records." *Melvin v. United States*, No. 18-mc-3359 (LB), 2019 WL 5394646, at *1 n.1 (E.D.N.Y. Oct. 21, 2019).

[2] During the status conference on August 16, 2023, Petitioner did note several times that when he resolved his criminal case in 1988, he believed that he was pleading guilty to a misdemeanor rather than a felony charge and only learned many years later, when he experienced certain collateral consequences of his felony conviction, that he had in fact pled guilty to a felony. Because Petitioner did not challenge the validity of his conviction in the motion before this Court, the Court does not address the validity of Petitioner's conviction.

necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson v. U.S.*, 791 F.3d 354, 358 (2d Cir. 2015).  In *Doe*, the Second Circuit emphasized that a federal court's ancillary jurisdiction does not extend to include motions to expunge or seal a criminal conviction on equitable grounds.  833 F.3d at 198-99; *see also United States v. White*, No. 99-CR-324 (JSR), 2022 WL 17666362, at *1 (S.D.N.Y. Dec. 14, 2022) ("*Doe* also held that a district court lacks ancillary jurisdiction to seal a valid criminal conviction solely on equitable grounds.").  In this case, as in *Doe*, Petitioner's sentence "long ago concluded," and the sentencing court's "decrees long since expired."  *See Doe*, 833 F.3d at 198 (quotations and citation omitted).  Petitioner pleaded guilty thirty-five years ago.  Ancillary jurisdiction does not extend over Petitioner's motion.

**B.    18 U.S.C. § 925(c)**

Finally, even if the Court were to have jurisdiction to expunge Petitioner's conviction or ancillary jurisdiction, the Court cannot restore petitioner's ability to possess firearms.  Under federal law, a person who is "convicted in any court, of a crime punishable by imprisonment for a term exceeding one year" may not possess a firearm.  18 U.S.C. § 922.  Petitioner argues that, under 18 U.S.C. § 925(c), he may apply to the Court "for relief from the disabilities imposed by Federal laws with respect to . . . possession of firearms[.]"  Pet.'s Mot. 2 (quoting statute).

"Section 925(c) requires an applicant, as a first step, to petition the Secretary and establish to the Secretary's satisfaction that the applicant is eligible for relief. The Secretary, in his discretion, may grant or deny the request . . . Only then, if the

Secretary denies relief, may an applicant seek review in a district court." *United States v. Bean*, 537 U.S. 71, 76–77 (2002). The word "Secretary" refers to the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), which may grant such an application under factors described in the statute. *See id.* at 77; *see also Mai v. United States*, 952 F.3d 1106, 1111 (9th Cir. 2020) (describing Firearms Owners' Protection Act, Pub. L. 99-308, § 105, 100 Stat. 449 (1986)).

Here, Petitioner's motion does not indicate whether he filed a petition for relief with ATF. But the Court understands (and the Government, at the status conference, did not appear to dispute) that even if Petitioner had attempted to appeal the denial to ATF, as contemplated by 18 U.S.C. § 925(c), ATF would not have had the authority to review the merits of his petition in any event. Since 1992, Congress has prohibited the use of funds "to investigate or act upon applications for relief from Federal firearms disabilities under 18 U.S.C. [§] 925(c)." *Bean*, 537 U.S. at 74–75 (quoting Treasury, Postal Service, and General Government Appropriations Act 1993, Pub.L. 102-393, 106 Stat. 1732). Congress did so "because, among other reasons, determining eligibility had proved to be a 'very difficult and subjective task which could have devastating consequences for innocent citizens if the wrong decision is made.'" *Mai*, 952 F.3d at 1111 (quoting S. Rep. No. 102-353, at 19 (1992)). Consequently, those "seeking relief from Federal firearms disabilities" under 18 U.S.C. § 925(c) appear to face a Catch-22 of sorts. A person convicted of a felony in federal court cannot file an application with a district court under § 925(c) unless they first seek discretionary relief from ATF and ATF

denies that application; but as a practical matter, they cannot obtain a decision on the merits of their petitions to ATF. *See Bean*, 537 U.S. at 78 ("the absence of an actual denial of respondent's petition by ATF precludes judicial review under § 925(c)"). While Congress may choose to fund the program at a future time, judicial review—and the relief Petitioner seeks—is currently unavailable under § 925(c). *See Mai,* 952 F.3d at 1111. This means that the Court lacks jurisdiction to consider Petitioner's request for relief under 18 U.S.C. § 925(c).

*     *     *

The Court notes that the dismissal of Petitioner's motion is not in any way a comment on the merits of whether Petitioner should have to bear the weight of a felony conviction on his record more than three decades after completing his sentence and successfully reintegrating into society. Although it may be small comfort, Petitioner may be able to take advantage of certain protections for individuals with previous criminal convictions under state law, as other judges in this district have emphasized. *See, e.g., Yearwood,* 2022 WL 4662091, at *2 n.3 ("New York State law prohibits employers from denying or taking adverse action on a job application, because of an applicant's previous conviction, unless there is a 'direct relationship' between the offense and the employment sought, or granting employment would involve 'unreasonable risk.'") (citation omitted); *Belardo v. United States,* 21-mc-1016 (AMD), 2021 WL 4972495, at *2 (quoting N.Y. Corr. Law §§ 752-53).

At some point, Congress may choose to provide federal district courts with the discretion to expunge otherwise-valid convictions, particularly in cases like Petitioner's in which a person was convicted of a non-violent offense and has successfully reentered society with no further convictions.  However, absent further authorization from Congress, this Court does not have jurisdiction to consider the merits of Petitioner's claim that an expungement is appropriate here.

## III.   Conclusion

For the reasons stated above, Petitioner's motion to expunge or seal his criminal record is dismissed for lack of subject matter jurisdiction.


SO ORDERED.

_/s/ NRM_

NINA R. MORRISON
United States District Judge

Dated:        August 21, 2023
              Brooklyn, New York